**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4117**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

ERIC ROSS, a/k/a L,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-02-254)

———————

Submitted:  June 30, 2003              Decided:  July 14, 2003

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Travis N. Gery, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Eric Ross appeals the district court's order sentencing him to eighty-four months imprisonment following his guilty plea to distribution of cocaine base and aiding and abetting the possession of firearms in the furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 2, 924(c) (2000), and 21 U.S.C. § 841 (2000). In his appeal, filed pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Ross claims that the district court erred by failing to depart further than sixty-three months below the applicable sentencing range on the drug count. Ross was advised of his right to file a pro se supplemental brief but failed to do so. We affirm.

We review a district court's decision to depart from the sentencing guidelines for an abuse of discretion. United States v. Pearce, 191 F.3d 488, 492 (4th Cir. 1999) (citing Koon v. United States, 518 U.S. 81, 96-100 (1996)). However, "we do not have the authority to review the extent to which a district court departs downward unless 'the departure decision resulted in a sentence imposed in violation of law or resulted from an incorrect application of the Guidelines.'" United States v. Shaw, 313 F.3d 219, 222 (4th Cir. 2002) (quoting United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995)). On appeal, Ross acknowledges that the exceptions in Shaw do not apply. We therefore do not have

2

jurisdiction to review the extent of the district court's departure.

We have reviewed the record as required by <u>Anders</u> and find no meritorious issues for appeal. Accordingly, we affirm Ross' convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>